UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| v   ) | Case No.: CR 4:13-028 |
| ) | |
| SEAN MICHAEL CLARK,   ) | |
|     Defendant   ) | |

**DEFENDANT SEAN MICHAEL CLARK'S
MOTION TO DESIGNATE THIS CASE AS COMPLEX
AND TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT**

**COMES NOW** the Defendant Sean Michael Clark, by and through his attorney of record, Bobby Phillips, moves to designate this case as complex and to exclude time from computation under the Speedy Trial Act.

I.   **INDICTMENT AND DISCOVERY**

The indictment in this case charges six Defendants with a total of 53 counts. Count 1 alleges a conspiracy beginning in September 2009 and continuing through December 2011.  Count 2 alleges that from the period of January 2011 through May 2011 the Defendants maintained drug-involved premises.  Counts 3 through 51 allege that on various dates in February and March 2011 the Defendants unlawfully dispensed drugs to persons from at least five different States.  Count 52 alleges distribution of a controlled substance in Chatham County occurring on May 9, 2011.  Count 53 alleges a

conspiracy to launder monetary instruments from an unknown date but beginning at least on January 18, 2011 and continuing through May 26, 2011.  In addition to the 53 counts there is also a forfeiture allegation which alleges that at a minimum the US Government is entitled to recover $365,000.00 in currency or suitable property.

According to Government calculations the sentencing guideline calculations for the substantive offense of distribution or dispensation of a controlled substance in violation of 21 USC § 841(a)(1) is comparable to the equivalent of at least 26,800 kilograms of marijuana; meaning that the allegations of dispensation are extremely serious.

The conspiracies alleged in this case are extremely complex.  They allege allegations involving professionals (licensed medical doctors) and nonprofessionals.  The conspiracy allegedly began in the State of Florida, moved to the State of Georgia and extended as far as North Georgia and Tennessee.

During the course of its investigation, the Government obtained thousands of pages of documents including numerous witness statements, multiple bank accounts, multiple other financial documents, photographs and other evidence.  As this Court will remember, the discovery period was extended the customary ten days to sixty days based upon the fact that the discovery provided was voluminous and continuing.

The Government has been investigating this case for well over two years and has already struck deals with many of the alleged conspirators including persons who were not named in this indictment.

## II.  PROCEDURAL HISTORY

The Defendant Sean Michael Clark was arrested in Florida on May 26, 2011.  At his initial appearance he was granted pretrial release and he remained in the State of Florida until his indictment.  The indictment was filed in this Court on February 7, 2013 and the Defendant appeared for his first appearance in this Court on March 25, 2013.  On March 25, 2013 the Defendant and most of his co-defendants were arraigned and a motion schedule was set requiring that pretrial motions be filed within 60 days which would be on or before May 24, 2013.

The Government provided an extensive amount of discovery at arraignment and shortly thereafter provided additional discovery.  The Government has continued to provide discovery disclosures to all Defendants as it has become available.

For the reasons set forth below, Defendant Sean Michael Clark submits that based upon the facts and circumstances in this case, including the complexity of the prosecution and the volume and complexity of the discovery produced by the Government, the ends of justice warrant designation of this case as complex. All time from the date of this filing until further order of this Court be excluded from computation under the Speedy Trial Act.

## III. DISCUSSION

The Speedy Trial Act requires a Defendant's trial to begin within 70 days of his indictment or first appearance before a judicial officer, whichever occurs later (18

USC § 3161(c)(1)).  Periods of delay which result from various matters are automatically excluded from the computation of the 70 days and any period of delay resulting from a continuance granted by any Judge on his own motion or at the request of the Defendant or his counsel, or at the request of the attorney for the Government is excludable if the Court grants such continuance on the basis of a finding that "the ends of justice served by taking such action outweigh the best interest of the public and the Defendant in a speedy trial", and the Court "sets forth, in the record of the case, either orally or in writing, its reason for such finding" (18 USC § 3161(h)(7)(A)).

This Court may declare this case complex where it finds that "the case is so unusual or so complex, due to the number of Defendants, the nature of the prosecution or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established".  The Court therefore may exclude such time as necessary to serve the ends of justice.

## IV. SUMMARY

In this case the Defendant Sean Michael Clark submits that the nature and complexity of the prosecution, taking into consideration the number of Defendants, the length of the pre-indictment investigation, the voluminous amount of discovery and complexity of the issues make it unreasonable to expect adequate trial

preparation or preparation for pretrial proceedings within the time limits prescribed by the Speedy Trial Act.

For these reasons this case should be designated as complex and time excluded from calculation under the Speedy Trial Act. Therefore, the Defendant requests that this Court enter an Order designating this case as complex under the Speedy Trial Act and declare that the end of justice warrant excluding all time from computation under the Speedy Trial Act from the date of this filing until further Order of this Court.

Respectfully submitted this _____ day of May, 2013.

PHILLIPS & ROBERTS

*s/ Bobby Phillips*

_____
BOBBY PHILLIPS, 576700
Attorney for Defendant

402 E. Liberty Street
Savannah, Georgia 31401
(912) 232-0081
Fax 912-232-90709

email bplaw@msn.com

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v ) | Case No.: CR 4:13-028 |
| ) | |
| SEAN MICHAEL CLARK, ) | |
| Defendant ) | |

# ORDER

Based upon the Defendant's Motion to designate this case as complex and exclude time under the Speedy Trial Act, and for good cause shown therein, this Court hereby grants the Defendant Sean Michael Clark's Motion to designate this case as complex and to exclude time under the Speedy Trial Act. The Court specifically finds that the ends of justice will be served by designating this case as complex and that excluding time under the Speedy Trial Act outweighs the best interests of the public and the Defendant to a speedy trial.

In making this determination, the Court has considered both the nature of the prosecution along with the volume and complexity of the discovery produced by the Government, and concludes that absence a continuance under the Speedy Trial Act, it would be unreasonable to expect adequate preparation for trial or pretrial proceedings.

Therefore this Court hereby Orders that all time from May _____ 2013 until further Order of this Court is excluded from computation under the Speedy Trial Act.

SO ORDERED this _____ day of _____, 2013.

_____
**HONORABLE G. R. SMITH**
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v ) | Case No.: CR 4:13-028 |
| ) | |
| SEAN MICHAEL CLARK, ) | |
| Defendant ) | |

### CERTIFICATE OF SERVICE

This is to certify that I have on this day served all parties in this case in accordance with the Notice of Electronic Filing ("NEF") which was generated as a result of electronic filing in this Court.

This the 23rd day of May 2013.

PHILLIPS & ROBERTS

*s/ Bobby Phillips*
_____
BOBBY PHILLIPS, 576700
Attorney for Defendant

402 E. Liberty Street
Savannah, Georgia 31401
912-232-0081
Fax 912-232-9070
email bplaw@msn.com