UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v ) | Case No.: CR 4:13-028 |
| ) | |
| SEAN MICHAEL CLARK, ) | |
|     Defendant ) | |

# MOTION FOR PRODUCTION OF WITNESS LIST
# WITH CITATION OF AUTHORITY

**COMES NOW** Defendant, **SEAN MICHAEL CLARK**, who respectfully moves this court to require the Assistant United States Attorney to furnish Defense Counsel with a list of witnesses he intends to call in his case-in-chief, along with any records of prior felony convictions of any such witnesses.

Unless Defendant is furnished with a list of potential witnesses for the government sufficiently prior to trial, he will be denied his constitutional right to confront the accusers against him by the effective cross-examination as guaranteed by the Sixth Amendment to the United States Constitution.

Lists of witnesses are provided defendants in civil cases and are made available in criminal capital cases pursuant to 18 U.S.C. § 3432. Any distinction between defendants in a criminal case and defendants in civil cases is untenable, unconstitutional, and is a denial of due process of law and equal protection of the laws.

Without a list of witnesses, counsel for defendant is disadvantaged in his inquiry or investigation into the biasness of an opposing witness and his need to learn other facts bearing on the credibility of the witness. The furnishing of a list of potential witnesses after trial has begun will effectively deny Defendant's counsel the full opportunity to investigate and prepare for a thorough and sifting cross-examination that the Defendant would otherwise have.

It is submitted that the government will in not be prejudiced by turning over to defense counsel a list of potential witnesses in this case. The gain that would be achieved by disclosing a list of witnesses to defense counsel prior to trial would be to enable defense counsel to better prepare an adequate defense for trial, to which the Defendant is entitled by the Constitution of the United States.

## CITATION OF AUTHORITY

The general discretion of the Federal District Courts to compel the government to identify its witnesses is widely acknowledged. See *United States v. Campagnuolo*, 592 F.2d 852, 854 (5th Cir. 1979). "[I]t is within the sound discretion of the District Judge to make any discovery order that is not barred by any higher authority . . . (a discovery order) is not invalid because it is broader in scope than the Brady requirement." *United States v. Mosely*, 450 F.2d 506 (5th Cir. l971); *Downing v. United States*, 348 F.2d 594 (5th Cir. l975).

Indeed, the more enlightened procedure calls for the pre-trial disclosure not only of witnesses, but their statements.  See ABA Standards -- Discovery and Procedure Before Trial, Section 2.1(a)(i)(1970). For example, in a Georgia State prosecution, a Defendant has a constitutional and statutory right to a witness list upon proper demand.  Ga. Const. art. I, section I, para. 14 (1983), OCGA section 17-7-110 (1984).

Pre-trial identification of the government's witnesses will afford the Defendant the opportunity to interview them in order to fully prepare his defense.  The tremendous value of these interviews was fully recognized by the former Fifth Circuit in *United States v. Opager*, 589 F.2d 799, 804 (1979). The importance to a litigant of interviewing potential witnesses is undeniable.  In particular, in criminal cases, where the Defendant's very liberty is at stake, such interviews are especially crucial.  Thus, it is that one of the first things responsible counsel does in preparing a case is to seek to interview those witnesses involved in the litigation.

**WHEREFORE**, Defendant prays that this Honorable Court require the Assistant United States Attorney to submit a list of witnesses in this case and a schedule of any prior felony convictions in connection thereto.

        **PHILLIPS & ROBERTS**

       s/ *Bobby Phillips*

       _____
       **BOBBY PHILLIPS, 576700**
       Attorney for Defendant

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v | ) | CR 4:13-028 |
| | ) | |
| SEAN MICHAEL CLARK, | ) | |
| Defendant | ) | |

### ORDER

The Court having read and considered defendant's Motion the same is hereby GRANTED.

SO ORDERED this _____ day of _____, 2013.

_____
**HONORABLE G. R. SMITH**
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v ) | Case No.: **4:13-028** |
| ) | |
| SEAN MICHAEL CLARK, ) | |
|     Defendant ) | |

### CERTIFICATE OF SERVICE

This is to certify that I have on this day served all parties in this case in accordance with the Notice of Electronic Filing ("NEF") which was generated as a result of electronic filing in this Court.

This the 24th day of May 2013.

                                              PHILLIPS & ROBERTS

                                              s/ *Bobby Phillips*
                                              _____
                                              **BOBBY PHILLIPS, 576700**
                                              **Attorney for Defendant**

402 E. Liberty Street
Savannah, Georgia 31401
912-232-0081
Fax 912-232-9070
*email bplaw@msn.com*