UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,            ) | |
| )                                      | |
| v                                    ) | Case No.: CR 4:13-028 |
| )                                      | |
| SEAN MICHAEL CLARK,                  ) | |
|     Defendant    ) | |

## MOTION TO DISMISS

**COMES NOW** the Defendant Sean Michael Clark, by and through his attorney of record Bobby Phillips, who files this Motion to Dismiss the above styled indictment showing to the Court in support thereof the following:

### STATEMENT OF BACKGROUND FACTS

On February 7, 2013 the Defendant along with five other co-defendants was charged in a 53 count indictment with various offenses under Federal Law, including conspiracy, maintaining a drug involved premises, unlawful dispensation of controlled substances, distribution of controlled substances, conspiracy to launder monetary instruments and aiding and abetting. There were also forfeiture counts in the indictment.

According to the indictment, the Government contends that as early as September 2009 through December 2011 the Defendants in this case engaged in the

illegal distribution of prescription medications without a medical need. As set forth in the indictment this activity allegedly began in the State of Florida and eventually moved into the Southern District of Georgia with the establishment in January 2011 of a business known as East Health Center located at 626 US Highway 80, Garden City. The facility was described as a "pill mill" engaged in the unlawful dispensation of schedule II, III and IV controlled substances.

In addition to bringing the criminal charges the Government also seeks a forfeiture of a minimum of $365,000.00 which is alleged to be the proceeds derived from the unlawful sales and distribution of the controlled substances.

On April 11, 2013, Nuvest, LLC, a Florida corporation pleaded guilty to maintaining a drug involved clinic known as East Health Center in Garden City. The plea was made upon information in case number CR 413-047.

In the original information, filed on February 27, 2013, Nuvest, LLC was charged with one count of having "knowingly and intentionally opened, leased, used and maintained a place known as East Health Center, located at 626 US Highway 80, Garden City, Georgia, for the purpose of dispensing schedule II, III and IV controlled substances without legitimate medical purpose, in violation of Title 21, United States Code Section 856(a)(1)."

On April 8, 2013 the Government filed a superseding information under the same information number (CR 413-047) in which the Government also brought a forfeiture allegation seeking to have the corporation forfeit Two Million Dollars ($2,000,000).

Nuvest, LLC is a Florida corporation which was created by the filing of electronic Articles of Incorporation on January 12, 2011.  The signature on the electronic Articles of Incorporation was that of Roberta Freedman, a person well known by the US Attorney.

The President of Nuvest, LLC is Lewis Trematerra who was President 6221 Enterprises, Inc., which was the Corporate Manager of Nuvest, LLC.

On April 7, 2013 Nuvest, LLC plead guilty through its attorney Harry D. Dixon, Jr. and admitted that "the clinic was opened for the purpose of dispensing Oxycodone, Hydrocodone, and other drugs without legitimate medical purpose."

As part of the plea agreement the corporation agreed to forfeit Two Million Dollars ($2,000,000) and in return the Government agreed to "forbear prosecution of Defendant and its Officer Lewis Trematerra within the Southern District of Georgia, for any other federal offense related to the violation alleged in the superseding information"…

The Government also agreed to obtain the agreement of the United States Attorney for the Southern District of Florida and the State Attorney for Palm Beach County, Florida not to prosecute or initiate forfeiture proceedings against Nuvest, LLC or Lewis Trematerra for offenses related to their investment in East Health Center in the Southern District of Georgia or Total Medical Express ( and clinics related thereto) in the Southern District of Florida and Palm Beach County, respectively.

The Government further agreed that there was no restitution to be required and that there was no fine to be imposed.

The Government also simultaneously agreed to dismiss three civil actions which have been filed in the Southern District of Georgia involving Nuvest, LLC and others.

Immediately prior to the entry of the plea the Defendant, LLC, by and through its attorney, Harry D. Dixon, Jr. entered into a Consent Order of Forfeiture forfeiting to the Government the Two Million Dollars ($2,000,000) specified in the plea agreement, to be paid within thirty days of the judgment.

As to the Defendant Sean Michael Clark, who was recruited by and was a "go-fer" for Lewis Trematerra for what he believed to be a legitimate business enterprise, the Government initiated a series of financial account seizures beginning on May 31, 2011 on which date the Government seized $35,901.83; on June 1, 2011 the Government seized $15,985.83; on June 1, 2011 the Government seized $2,080.07; and, on June 1, 2011 the Government seized $2,042.67. The total amount seized from various accounts owned by the Defendant Sean Michael Clark totaled $56,010.40.

Notwithstanding the seizure and forfeiture of the monies hereinabove described, the Government filed the within indictment against Sean Michael Clark and others and have tendered a provisional plea offer calling for a ten year prison sentence.

**GROUNDS FOR DISMISSAL**

The pending charges of against this defendant must be dismissed because he is being selectively prosecuted in violation of federal equal protection clause and due process guarantees. (U.S. Constitution, Amendments V & XIV)

## AUTHORITY

The Government's discretion to prosecute and what to charge is constrained by, among other principles, "the equal protection component of the Due Process Clause of the Fifth Amendment." (__United States v. Armstrong__ (1996) 517 U.S. 456, 464; __People v. Superior Court (Baez)__ (2000) 79 Cal.App.4th 1177, 1188; __Baluyut v. Superior Court__ (1996) 12 Cal.4th 826, 831-832.) "The defect lies in the denial of equal protection to persons who are singled out for a prosecution that is 'deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification.' [Citation.]" (__Baluyut v. Superior Court__, *supra*, 12 Cal.4th at pp. 831-832.) In this case the classification is wealth versus non-wealth.

As declared in __Armstrong__ a Defendant's selective-prosecution claim asks the court to exercise judicial power over a "special province" of the Executive. (*Heckler* v. *Chaney*, 470 U. S. 821, 832 (1985). The Attorney General and United States Attorneys retain "`broad discretion'" to enforce the Nation's criminal laws (__Wayte v. United States, 470 U. S. 598, 607 (1985)__ .

Prosecutors have this latitude because they are designated by statute as the President's delegates to help him discharge his constitutional responsibility to "take Care that the Laws be faithfully executed." U. S. Const., Art. II, § 3; see 28 U. S. C. §§ 516, 547. As a result, "[t]he presumption of regularity supports" their prosecutorial decisions and, "in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties."__United States__ v. __Chemical Foundation, Inc., 272 U. S. 1, 14-15 (1926)__. In the ordinary case, "so long as the prosecutor has probable cause

to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." *Bordenkircher* v. *Hayes,* 434 U. S. 357, 364 (1978).

Of course, a prosecutor's discretion is "subject to constitutional constraints." *United States* v. *Batchelder,* 442 U. S. 114, 125 (1979). One of these constraints, imposed by the equal protection component of the Due Process Clause of the Fifth amendment, *Bolling* v. *Sharpe,* 347 U. S. 497, 500 (1954), is that the decision whether to prosecute may not be based on "an unjustifiable standard such as race, religion, or other arbitrary classification," *Oyler* v. *Boles,* 368 U. S. 448, 456 (1962). A defendant may demonstrate that the administration of a criminal law is "directed so exclusively against a particular class of persons . . . with a mind so unequal and 465*465 oppressive" that the system of prosecution amounts to "a practical denial" of equal protection of the law. *Yick Wo* v. *Hopkins,* 118 U. S. 356, 373 (1886).

In order to dispel the presumption that a prosecutor has not violated equal protection, a criminal defendant must present "clear evidence to the contrary." *Chemical Foundation, supra,* at 14-15.

## CONCLUSION

In this case Lewis Trematerra was admittedly, as established by Government pleadings, the mastermind of and the main source for funding the pain pill distribution. Without his organizational skills, without his money and without his direction the

scheme would not have come into being, it would not have continued and there would have been no criminal activity.

The fact that Nuvest and presumably Trematerra have paid the Government Two Million Dollars ($2,000,000) in order to not face prosecution is an anomaly and should be scrutinized by this Court.

Further the Court should take into consideration the fact that over Fifty Six Thousand Dollars ($56,000.00) has been taken from the Defendant Sean Michael Clark without a hearing and without challenge on his part.

In this case it is clear the Government has acted improperly, motivated by the large cash seizure, which they have obtained by virtue of the forfeiture and the plea agreement entered into with the ringleader and mastermind of "alleged" criminal activity.  The fact that the Government refuses to treat Defendant Sean Michael Clark in a like manner is a violation of his due process rights as well as equal protection of law.

The only basis for the discrimination is the fact that there is superiority in funds. It is submitted that the amount seized from the Defendant Clark in proportion to his total net worth is as great as if not greater than the amount sized from Nuvest and Lewis Trematerra. Accordingly, this Court should enter an Order dismissing forthwith the indictment in this case.

                    PHILLIPS & ROBERTS

                    *s/ Bobby Phillips*
                    _____
                    BOBBY PHILLIPS, 576700
                    Attorney for Defendant

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v | ) | Case No.: CR 4:13-028 |
| | ) | |
| SEAN MICHAEL CLARK, | ) | |
| Defendant | ) | |

## ORDER

The Defendant's Motion to Dismiss having been read and considered and for good cause shown therein, this Court hereby grants the Defendant Sean Michael Clark's Motion to Dismiss the within Indictment.

SO ORDERED this ____ day of _____, 2013.

_____
**HONORABLE G. R. SMITH
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA**

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v ) | Case No.: CR 4:13-028 |
| ) | |
| SEAN MICHAEL CLARK, ) | |
|     Defendant ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have on this day served all parties in this case in accordance with the Notice of Electronic Filing ("NEF") which was generated as a result of electronic filing in this Court.

This 12th day of June, 2013.

PHILLIPS & ROBERTS

*s/ Bobby Phillips*
_____
BOBBY PHILLIPS, 576700
Attorney for Defendant

402 E. Liberty Street
Savannah, Georgia 31401
912-232-0081
Fax 912-232-9070
email bplaw@msn.com