# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ADELAIDA M. LIZAMA and SEAN ) <br> MICHAEL CLARK, ) <br> ) <br> Defendants. ) | Case No.   CR413-028 |

## REPORT AND RECOMMENDATION

Defendant Adelaida Lizama has moved to suppress the statements she made to the grand jury. (Doc. 100.) Defendant Sean Michael Clark moves to dismiss the indictment based upon selective prosecution. (Doc. 124.) For the following reasons, both motions should be denied.

## I. ANALYSIS

### A. Grand Jury Statements

Lizama contends that her statements to the grand jury should be suppressed because she did not understand her rights, did not understand the proffer letter she signed before testifying, and was not given adequate

consideration for signing the proffer agreement. (Doc. 100.[1]) Here, the record weighs heavily against Lizama. She has a college education, and she freely admitted at the grand jury proceedings that she had read the proffer letter, discussed it with counsel, and understood it. (Doc. 100-1 at 4.) The government also informed her that she could not be compelled to testify and could pause the proceeding at any time to speak with her attorney, and she again indicated that she understood those rights. (*Id.*)

Given her level of education, her on-the-record declarations, and her failure to request a hearing on this matter in order to present *admissible* evidence that called into question her sworn declarations before the grand jury, the Court rejects her newly-minted claim that she was subjected to any form of coercion by the government. *See United States v. Paige*, 241 F. App'x 620, 623-24 (11th Cir. 2009) (affirming district court's refusal to suppress grand jury testimony absent government coercion), *citing United*

---

[1] She also claims that she was given poor advice by her lawyer, Karen Dove Barr, regarding both the proffer letter and her grand jury testimony. (Doc. 100.) To the extent she meant to rely upon this as a basis for exclusion of evidence, her claim necessarily fails. The government is correct in its assertion that the exclusionary rule is meant to remedy constitutional violations by government agents, not errors by defense counsel. *See Herring v. United States*, 555 U.S. 135, 141 (2009) (explaining that the purpose of the exclusionary rule is to deter government misconduct).

States v. Thompson, 422 F.3d 1285, 1295 (11th Cir. 2005) (explaining that the Fifth Amendment, which prohibits the use of involuntary confessions at trial, only mandates suppression when "the defendant was coerced by the government into making the statement.").[2]

Finally, the Court rejects her claim that the proffer agreement was invalid based on inadequate consideration.[3] (Doc. 100 at 11.) The Court accepts the government's assertion that the proffer agreement was supported by ample consideration, including its promise to limit the use of any truthful testimony offered to the grand jury and its promise to consider her testimony and cooperation in recommending a proposed plea. (Doc. 133 at 21.) Additionally, it rejects counsel's claim that the proffer agreement offered her no protection whatsoever. (Doc. 100 at 11.) It

---

[2] The Court also rejects as ridiculous defendant's assertion that "the sheer number of defendants to waive the right" in this case "calls into question the voluntariness of Ms. Lizama's testimony." (Doc. 100 at 10.) While it is true that many grand jury targets invoke the privilege (id.), it does not at all support Lizama's underlying implication that the government somehow applied coercion *en masse* to obtain favorable grand jury testimony in this case. If anything, it suggests quite the opposite. After all, she is the only one of the of grand jury witnesses who has asserted coercion, and her claim is entirely unsupported.

[3] As the Court explained in another case, contract principles apply in determining whether a proffer agreement is valid or has been breached. *United States v. Rasco*, 262 F.R.D. 682, 692-93 (S.D. Ga. 2009) (collecting cases). As such, it must offer consideration. *Id.* at 702.

shielded her from the use of her grand jury testimony in the government's case-in-chief, so long as she gave truthful and complete answers. (Doc. 100-8 at 1.) It also provided that even if she made a materially different averment later, the government would only be able to use the proffer in "impeachment, rebuttal, or response." (*Id.*) It is hardly the dead letter Lizama's counsel would have the Court believe, assuming Lizama's grand jury testimony was, in fact, truthful.

## B. Selective Prosecution

Defendant Sean Michael Clark asserts that he has been subject to selective prosecution. (Doc. 124.) "A selective-prosecution claim is not a defense on the merits to the criminal charge itself, but an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution." *United States v. Armstrong*, 517 U.S. 456, 463 (1996). While the "Attorney General and United States Attorneys retain 'broad discretion' to enforce the Nation's criminal laws," that discretion is limited by the Due Process Clause of the Fifth Amendment in that "the decision whether to prosecute may not be based on 'an unjustifiable standard such as race, religion, or other arbitrary

4

classification.'" *Id.* at 464 (quoting *Wayte v. United States*, 470 U.S. 598, 607 (1982); *Oyler v. Boles*, 368 U.S. 448, 456 (1962)).

In order to prevail on a claim for selective-prosecution, a defendant "must demonstrate that the federal prosecutorial policy 'had a discriminatory effect and that it was motivated by a discriminatory purpose.'" *Id.* at 465. Under the discriminatory effect prong, he must show that "similarly situated individuals were not prosecuted." *United States v. Smith*, 231 F.3d 800, 808 (11th Cir. 2000). The defendant must produce clear and convincing evidence that the prosecutor violated those two prongs -- discriminatory purpose and effect. *Id.* at 809.

Here, Clark does not contend that he was singled out for prosecution on any of the traditional bases for discrimination, such as race, religion, or gender. Instead, he states that he was targeted based on his inability to pay a large fine. (Doc. 124 at 7.) His only "proof" of this "arbitrary classification" is his evidentially unsupported assertion that Louis Trematerra, the pill-mill "mastermind" (per Clark), was not prosecuted based on his payment of $2 million to the government. (*Id.*) That allegation, standing alone, is wholly inadequate to show, by clear and

5

convincing evidence, either a discriminatory motive or effect.

## II. CONCLUSION

For the foregoing reasons, the motion to suppress filed by Lizama (doc. 100) and the motion to dismiss filed by Clark (doc. 124) should be **DENIED**.

**SO REPORTED AND RECOMMENDED** this <u>25th</u> day of September, 2013.

                                          UNITED STATES MAGISTRATE JUDGE
                                          SOUTHERN DISTRICT OF GEORGIA