UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | 4:13-028 |
| | ) | |
| v. | ) | |
| | ) | |
| **SEAN MICHAEL CLARK** | ) | |

### GOVERNMENT'S RESPONSE TO MOTION FOR DEPOSITION

The United States hereby moves this Court to deny the defendant's motion for a deposition.

Background

On September 22, 2013, the defendant filed a motion to depose Louis Trematerra, alleging that exceptional circumstances exist to justify the deposition. (See, Doc. 215). The defendant is "concerned that Mr. Trematerra's health might not allow him to attend the trial even if subpoenaed." In support of the motion, the defendant cited "generally upon the Due Process Clause of the United States Constitution," and the Federal Rules of Criminal Procedure.

Analysis:

The government moves the Court to deny the defendant's motion for deposition. The taking of depositions in criminal cases is generally disfavored, and the only authorized purpose of depositions in criminal cases is to preserve evidence, not to afford discovery. United States v. Drogoul, 1 F.3d 1546, 1551 (11th Cir. 1993). While it is true that Rule 15 of the Federal Rules of Criminal Procedure, permits a district court to authorize a deposition in a criminal case, this authorization should be granted only upon a showing of exceptional circumstances. The moving party bears the burden of showing that exceptional circumstances exists to warrant the

deposition. Id.  In analyzing whether the circumstances are sufficiently exceptional, the court should consider whether the witness is unavailable; whether injustice will otherwise result without the material testimony that the deposition could provide; and whether countervailing factors would make the deposition unjust to the non-moving party.  Id.

In the case at hand, the defendant has failed to meet the burden.  First, the government submits there are no exceptional circumstances.  Mr. Louis Trematerra is a potential witness in the trial against Sean Michael Clark.  Mr. Trematerra is represented by counsel, Mr. Harry D. Dixon.  The United States is not aware of any physical or mental health condition that would prohibit this potential witness from appearing at trial to testify.  He resides in the United States and is subject to the Court's subpoena powers.  The United States has not restricted, nor will restrict the defendant's attorney from contacting Mr. Trematerra's attorney to determine whether Mr. Trematerra would like to be interviewed.  Should Mr. Trematerra testify at trial, the defendant will have an adequate opportunity to interview him via direct examination or cross-examination.

Second, there has been no showing that the witness will be unavailable.[1]

---

[1] "The principal consideration guiding whether the absence of a particular witness's testimony would produce injustice is the materiality of that testimony to the case." Drogoul, 1 F.3d at 1552. "Under Drogoul, material is a term of art that means material to the party moving to depose." A showing that testimony is material requires the movant make known to the court and opposing counsel the " 'thrust of the ... evidence....' " United States v. Ramos, 45 F.3d 1519, 1522 (11th Cir. 1995).  Id. (quoting United States v. Sheffield, 992 F.2d 1164, 1169 (11th Cir. 1993)). This showing "may be made by several means including affidavit, proffered testimony, or calling a witness to the stand; at the very least, the proffer must alert the district court to the substance of the evidence that is at peril of being excluded." Id.

Third, the defendant's motion is an attempt to fish for discovery. The Federal Rules of Criminal Procedure were carefully crafted, debated, and enacted. The rules do not allow for evidentiary depositions, absent a showing of exceptional circumstances. An example of an exceptional circumstance would be a material witness to a crime, who is at death's door, breathing his or her last breath, not someone who's "health might not allow him to attend trial if subpoenaed." This motion being an attempt to fish for discovery is further evidenced by the request to order the United States to "immediately provide Defendant's attorney, for use at deposition, any and all statements, reports, and any and all documentary evidence of any nature or description, in the Government's possession and to which Defendant would be entitled to at trial." The United States has provided very liberal, open-file, discovery; and will continue to comply with the Rules of Criminal Procedure.

Because the defendant has failed to prove, or even adequately allege the exceptional need for a deposition; and because there is no need for a deposition, the United States moves the Court to deny the defendant's motion without a hearing.

>Respectfully submitted,
>
>EDWARD J. TARVER
>UNITED STATES ATTORNEY
>
>***s/ E. Greg Gilluly, Jr.***
>
>E. Greg Gilluly, Jr.
>Assistant United States Attorney
>Tennessee Bar No. 019397

Post Office Box 8970
Savannah, GA  31412
(912) 652-4422

**CERTIFICATE OF SERVICE**

This is to certify that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this Court.

This 25th day of September, 2013.

        Respectfully submitted,

        EDWARD J. TARVER
        UNITED STATES ATTORNEY

        *s/ E. Greg Gilluly, Jr.*

        E. Greg Gilluly, Jr.
        Assistant United States Attorney
        Tennessee Bar No. 019397

PO Box 8970
Savannah, Georgia 31412
912.652.4422