UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v ) | Case No.: CR 4:13-028 |
| ) | |
| SEAN MICHAEL CLARK, ) | |
|     Defendant ) | |

### MOTION IN LIMINE TO EXCLUDE CERTAIN TESTIMONTY OF FRANCIS BARBUSCIA

**COMES NOW** the Defendant Sean Michael Clark, by and through his attorney of record Bobby Phillips, who files this Motion in Limine to Exclude Certain Testimony of the Francis Barbuscia showing to the Court in support thereof the following:

### I. INTRODUCTION

The Defendant Sean Michael Clark hereby moves in limine for an Order preventing the Government from introducing certain improper evidence at the trial of this case. Specifically the Defendant seeks an Order to exclude any testimony from witness Francis Barbuscia related to his marketing for pain clinics in South Florida. Mr. Barbuscia testified during the Grand Jury proceeding in November 2011 concerning his involvement in a pain clinic in South Florida (Barbuscia Grand Jury testimony transcript, P 9, L 15-25, et. seq.).

In his testimony Mr. Barbuscia testified that his employers were Patrick McMillian and Patrick Pasquale Gervasio. (Barbuscia Testimony Transcript, P 10, L 5-7)

The testimony of the witness concerning the clinics in South Florida is irrelevant and highly prejudicial. There is no evidence that any Defendant in this case in any way participated in the clinics about which Barbuscia testified in his Grand Jury appearance.

Barbuscia also testified about his involvement with a clinic in Jacksonville (Testimony Transcript, P 16, L 18-22) and about a clinic in Margate, Florida, which is in South Florida where he worked as a marketing person. (Testimony Transcript, P 25, L 13-25; P 26, L 1-25)

None of the Defendants in this case were involved in the Jacksonville clinic nor the Margate clinic. They did not act as marketers, owners, operators or finance people.

During his Grand Jury testimony Babruscia also testified he believed that the Defendant Sean Clark had a "heroin addiction" which testimony would be highly prejudicial. (Testimony Transcript, P 34, L 3-11)

## II. STANDARD OF REVIEW

While this Court has great latitude under Rule 401 in testing evidence for relevancy, this Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time or needlessly presenting cumulative evidence.

The foregoing standard would apply to the testimony concerning the clinics in Florida which have no relationship to the Defendants in this case.

Rule 404 which addresses the issue of character evidence would apply to the testimony of the witness concerning the Defendant Sean Clark's "heroin addiction".

### III. ARGUMENT

In this case the Government is trying to use Francis Barbuscia to create an impression that this Defendant is guilty in part because of his association with the witness who himself was involved with so-called pain clinics in the State of Florida with which the Defendant Clark had no connection. Such testimony could confuse and mislead the jury; further such testimony will create and unfair and prejudicial impression of the Defendant and the circumstances surrounding his involvement with East Health Center.

Taking into account the potential for unfair prejudice and the lack of any need for the evidence concerning the Florida clinic, this Court should exclude any such testimony. Even if any of the testimony is somehow marginally relevant to the charge before this Court, the evidence should be excluded because admission of such testimony would tend to unfairly prejudice the jury against the Defendant Sean Clark and his co-Defendants.

In United *States v. Shackleford* (738 F 2d 776; 7th Cir. 1984) the Court held that a Defendant that "a Defendant cannot be identified as the perpetrator of the charged acts

simply because he has at other times committed the same commonplace variety of criminal acts by reference to the forbidden inference of propensity.  The question for the Court is whether the characteristics relied upon are sufficiently idiosyncratic to permit the inference of pattern for the purpose of proof."

In this case, the Defendant Sean Clark wishes to be tried on the facts of this case and not on the other uncharged events which lack credibility, proof, reliability and inherent relevance.  The stakes in this case are far too high to permit anything less.  Presumably the Government may have a more difficult time proving its case without the testimony of Barbuscia concerning the Florida clinics and that is exactly why the Government is seeking to boast the allegations by trying to introduce this irrelevant and highly prejudicial testimony.

Clearly the testimony concerning any heroin addiction is unfairly prejudicial as it puts the Defendant Sean Clark's character into issue.  Rule 404 specifically prohibits the very type of testimony the Government would be trying to introduce if Barbuscia were allowed to testify to the Defendant's alleged heroin addiction.

**WHEREFORE** Defendant Sean Clark now moves this Court in Limine for an Order which will preclude the testimony from the Defendant Francis Barbuscia concerning the operation of the "pain mill" clinics in Florida and further from testifying with regard to any alleged "heroin addiction" he attributes to the Defendant Sean Clark.

**RESPECTFULLY** submitted this 8th day of November, 2013.

                                                          PHILLIPS & ROBERTS

                                                        *s/ Bobby Phillips*

                                                        _____
                                                        BOBBY PHILLIPS, 576700
                                                        Attorney for Defendant

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v ) | Case No.: CR 4:13-028 |
| ) | |
| SEAN MICHAEL CLARK, ) | |
| Defendant ) | |

## ORDER

The Defendant's Motion having been read and considered and for good cause shown therein, this Court hereby grants the Defendant Sean Michael Clark's Motion

.

SO ORDERED this \_\_\_\_ day of _____, 2013.

_____
**HONORABLE G. R. SMITH**
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v ) | Case No.: CR 4:13-028 |
| ) | |
| SEAN MICHAEL CLARK, ) | |
|     Defendant ) | |

### CERTIFICATE OF SERVICE

This is to certify that I have on this day served all parties in this case in accordance with the Notice of Electronic Filing ("NEF") which was generated as a result of electronic filing in this Court.

This 8th day of November, 2013.

PHILLIPS & ROBERTS

*s/ Bobby Phillips*
_____
BOBBY PHILLIPS, 576700
Attorney for Defendant

402 E. Liberty Street
Savannah, Georgia 31401
912-232-0081
Fax 912-232-9070
email bplaw@msn.com