UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | 4:13-028 |
| | ) | |
| **v.** | ) | |
| | ) | |
| **SEAN MICHAEL CLARK** | ) | |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE CERTAIN TESTIMONY OF FRANCIS BARBUSCIA (DOC. 247)

The United States moves this Court to deny the defendant's motion in limine to exclude "certain testimony" of Francis Barbuscia.[1] The motion to exclude lacks merit; and the purported testimony of Mr. Francis Barbuscia is relevant, probative, and not unfairly prejudicial.

Anticipated Facts:

As outlined in the superseding indictment, the United States intends to introduce facts at trial that the defendant was a member of a drug trafficking and money laundering conspiracy that began in Florida and continued in the Southern District of Georgia. (See, Doc 156, Superseding Indictment). The defendant and other conspirators worked for pill mills (represented as pain clinics) in South Florida. These pill mills unlawfully distributed controlled substances outside the course of legitimate medical practice. The defendant and Mr. Barbuscia promoted the pill mills in Florida by passing out flyers and business cards at rival pain clinics and other locations. Ultimately, Florida laws became more restrictive relative to the ownership of the Florida clinics; and law enforcement shut them down.

---

[1] The United States does not intend asking Mr. Francis Barbuscia whether the defendant has a heroin addiction.

The evidence will show that while in Florida, members of the conspiracy decided to open a pain clinic in the Southern District of Georgia, East Health Center. The conspiracy started in Florida and continued in our district. Some money derived from the Florida clinics was invested in East Health Center. Mr. Barbuscia and the defendant remained members of the conspiracy. They continued to use many of the strategies that were used in the Florida clinics. Mr. Barbuscia and the defendant passed out flyers and business cards at rival pain clinics in Florida and elsewhere. Conspirators from the Florida clinics operated East Health Center. They trained employees at East Health Center; and monitored the day to day activities of East Health Center, from offices in Florida.

The Law:

Fed. R. Crim. P. 403 states:

> The court may exclude relevant evidence if its probative value is substantially outweighed by one or more of the following: unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

The Defendant's Argument:

The defendant argues the Court should excuse the evidence under Rule 403, because the testimony concerning the Florida clinics has "no relationship to the Defendants in this case."

The Government's Response:

The United States moves the Court to deny the defendant's motion in limine because, contrary to the defendant's assertion that the Florida clinics have "no relationship to the Defendants in this case," the evidence is contrary. As outlined in the superseding indictment, the conspiracy started in Florida. The proposed evidence is relevant for the following non-exclusive reasons:

1) The testimony demonstrates how the conspirators know each other;

2) The testimony demonstrates where the conspiracy started;

3) The testimony demonstrates methods of operation used by conspirators;

4) The testimony demonstrates that conspirators (including the defendant) used many of the same methods of operation in Georgia at East Health Center, as they did in the Florida clinics;

5) The testimony demonstrates the defendant's knowledge of illegality, because the defendant knew the Florida clinics were shut down by law enforcement; and yet operated the same business in the same manner in Georgia; and

6) The testimony is directly related to the charges outlined in the superseding indictment.

Because the proposed testimony is relevant and the probative value is not substantially outweighed by any danger of unfair prejudice, confusion, misleading of jury, undue delay, waste or other reasons, the United States moves the Court to deny the defendant's motion in limine.

Respectfully submitted,

*s/E. Greg Gilluly, Jr.*

E. Greg Gilluly, Jr.
Assistant United States Attorney
Tennessee Bar No. 019397

## CERTIFICATE OF SERVICE

This is to certify that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this Court.

This 15th day of November, 2013.

                                          Respectfully submitted,

                                          EDWARD J. TARVER
                                          UNITED STATES ATTORNEY

                                          *s/ E. Greg Gilluly, Jr.*

                                          E. Greg Gilluly, Jr.
                                          Assistant United States Attorney
                                          Tennessee Bar No. 019397

PO Box 8970
Savannah, Georgia 31412
912.652.4422