UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 413-028 |
| | ) | |
| SEAN MICHAEL CLARK, ET AL. | ) | |

### GOVERNMENT'S RESPONSE TO DEFENDANT CLARK'S MOTION IN LIMINE TO EXCLUDE CERTAIN TESTIMONY OF WITNESS DR. SHERRI PINSLEY (DOC. 249)

The defendant Clark has moved in limine to exclude the testimony of Dr. Sherri Pinsley. For the reasons shown below, the motion should be denied as the testimony provides evidence that is relevant, probative, and its probative value is not outweighed by the danger of unfair prejudice.

Anticipated Facts:

As outlined in the superseding indictment, the United States intends to introduce facts at trial that Sean Michael Clark was a member of a drug trafficking and money laundering conspiracy that began in Florida and continued in the Southern District of Georgia. (See, Doc 156, Superseding Indictment). The defendant and other conspirators worked for pill mills (represented as pain clinics) in Florida. Conspirators unlawfully caused the dispensation and distribution of controlled substances outside the course of legitimate medical practice. Conspirators hired doctors who wrote prescriptions for highly addictive controlled substances. Members of the conspiracy operating in Florida hired Dr. Sherri Pinsley. Dr. Pinsley worked for at least two pill mills in Florida during 2010, just prior to the establishment of East Health Center in early 2011. Dr. Pinsley observed the day to day operations of the Florida pill mills and prescribed controlled substances in excess. Dr. Pinsley will testify about the offices in Florida.

She will identify members of the conspiracy. She will explain her role in the conspiracy and testify about conversations she had with members of the conspiracy about opening up a similar clinic in Savannah, Georgia.

Dr. Pinsley will testify that conspirators had meetings with her about her dispensation of controlled substances. They talked to her about prescribing more controlled substances. They discussed money; and they discussed expanding the enterprise to the Southern District of Georgia. Dr. Pinsley will testify that the plan was derived in Florida to open East Health Center in the Southern District of Georgia. Conspirators asked her to be the doctor in Georgia. In fact, conspirators, contrary to the defendant's assertions in his motion, transferred her DEA registration to East Health Center in the Southern District of Georgia. For a variety of reasons, Dr. Pinsley never came to work at East Health Center.

The Law:

Fed. R. Crim. P. 403 states:

> The court may exclude relevant evidence if its probative value is substantially outweighed by one or more of the following: unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

The Defendant's Argument:

The defendant argues the Court should excuse the evidence under Rule 403, because the testimony concerning the Florida clinics has "no relationship to the Defendants in this case."

The Government's Response:

The Court should deny the defendant's motion in limine because, contrary to the defendant's assertion that the Florida clinics have "no relationship to the Defendants in this case," the evidence is contrary. As outlined in the superseding indictment, the conspiracy started in Florida. The proposed evidence is relevant for the following non-exclusive reasons:

1) The testimony demonstrates how the conspirators know each other;

2) The testimony demonstrates where the conspiracy started;

3) The testimony demonstrates methods of operation used by conspirators;

4) The testimony demonstrates that the goal of the conspiracy (in Florida and in Georgia) was to make money by dispensing controlled substances to patients without legitimate medical need;

5) The testimony demonstrates the knowledge and intent of the defendants to violate the law as outlined in the superseding indictment.

Because the proposed testimony is relevant and the probative value is not substantially outweighed by any danger of unfair prejudice, confusion, misleading of jury, undue delay, waste or other reasons, the United States moves the Court to deny the defendant's motion in limine.

Respectfully submitted,

EDWARD J. TARVER
UNITED STATES ATTORNEY

*s/ E. Greg Gilluly, Jr.*

E. Greg Gilluly, Jr.
Assistant United States Attorney
Tennessee Bar No. 019397

**CERTIFICATE OF SERVICE**

      This is to certify that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this Court.

      This 18th day of November, 2013.

      Respectfully submitted,

      EDWARD J. TARVER
      UNITED STATES ATTORNEY

      *s/ E. Greg Gilluly, Jr.*

      E. Greg Gilluly, Jr.
      Assistant United States Attorney
      Tennessee Bar No. 019397