UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA,
    Plaintiff,

                         Docket No.: 4:13-CR-0201-1

vs.

SEAN CLARK
    Defendant.
_____/

## DEFENDANT SEAN CLARK'S
## FIRST SUPPLEMENT TO SENTNCING MEMORANDUM

**COMES NOW**, the Defendant, Sean Clark by and through the undersigned counsel pursuant to Rules 32 of the Federal Rules of Criminal Procedure and Title 18 U.S.C. §3553(a-f) and files this First Supplement to his Sentencing Memorandum. In support thereof, the defendant would assert as follows:

## GROUNDS

1. The issue of sentencing disparity between the post-sentenced defendants in this case and co-conspirators has been tangentially raised before this court. As a result, Defendant, who was the first to raise this issue, wishes to inform the court of additional facts regarding this disparity.

2. The Defendant and others were recruited by Louis Tremeterra to work in the Florida (Pill Mills) clinics that were owned in whole or part by Tremeterra. Tremeterra owned at least seven (7) pill mills in Florida alone. Tremeterra was extremely well versed in the ownership and operation of pill mills. He was far more than a passive investor in these pill mills and directly controlled each operation from top to bottom. Co-conspirator Al Lefrancois testified before the grand jury that Tremetarra was "the driving force" behind the venture and involved in any and all business decisions made. (GJ 3/12) Lefrancois also testified that Tremeterra **earned $150,000.00 monthly** from his Florida pill mills (GJ page 154-155).

3. When the instant co-conspirators were indicted, Tremeterra alomost immediately struck a deal with the prosecution that not only limited his exposure in Georgia, but his exposure in Florida Federal and State Courts as well. The negotiating of this deal is clear evidence that Tremeterra was and is still a sophisticated "entrepanuer" who had owned and operator of pill mills in at least two States. Tremeterra made a fortune from his involvement of the Florida Clinics. It was not until the laws in Florida changed, shutting down pill mills, that Tremeterra moved <u>his</u> operation to Georgia. Tremeterra had full knowledge that East Health was going to operate as a pill mill. He had numerous discussions with most of the other co-conspirators about operating

2

East Health as a pill mill. The grand jury transcripts are replete with witness testimony stating that Tremeterra was the "boss" of the operation.

4. It should be clear, that the idea and funding for the operation came from Teremeterra and no other person. It would be one thing if the defendants had approached Tremeterra with the idea of opening the clinic and simply were asking for investment capital; but that is not what transpired in this case. Instead, Tremeterra enjoyed the lucrative fruits he made from his Florida pill mills and was not about to walk away just because Florida shut him down. Rather, Tremeterra recruited the other defendants in this case and made the decision to move his pill mill operation to Georgia.

5. At all times throughout this case, Tremeterra exercised the ability to hire and fire anyone at the clinic. More importantly, Tremeterras stood to profit the most from operation. Tremeterra was not merely collecting loan repayments from the proceeds of the Georgia pill mill. Conversely, Tremeterra made the decision as to how much each employee would be paid. Whatever the profits remained after operating expenses were to go to Tremeterra. He was given daily reports as to how much money came into the pill mill each day.

6. The concept of sentencing disparity stands for the proposition that like defendants should be treated alike. That is all the defendant is asking this Honorable Court to consider. The Court should know that Louis Tremeterra

was an experienced pill mill owner and knew exactly what took place in Georgia and that he had no compunction profiting from it.

7. Tremeterra was in full control of the Georgia pill mill. He made the decision to open it, recruited the staff, kept apprised of the profits, and hoped to earn substantial sums of money from it.

**WHEREFORE,** based on the foregoing it is respectfully prayed that this Honorable Court will impose a sentence equal, but not greater than, the sentence imposed on Tremeterra along with any other relief the Court deems appropriate and in the interests of justice.

RESPECTFULLY submitted this 31st day of July 2014.

PHILLIPS ROBERTS & CARSON

*s/ Bobby Phillips*

_____
BOBBY PHILLIPS, 576700
Attorney for Defendant

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA,

       v                              Docket No.: 4:13-CR-0201-1

SEAN MICHAEL CLARK,
    Defendant

## CERTIFICATE OF SERVICE

    This is to certify that I have on this day served all parties in this case in accordance with the Notice of Electronic Filing ("NEF") which was generated as a result of electronic filing in this Court.

    This 31st day of July 2014.

                                                  PHILLIPS & ROBERTS

*s/ Bobby Phillips*

                                                  _____
                                                  BOBBY PHILLIPS, 576700
                                                  Attorney for Defendant

402 E. Liberty Street
Savannah, Georgia 31401
912-232-0081
Fax 912-232-9070
email bplaw@msn.com